ESTATE OF TETSUO KURIHARA, DECEASED, ELEANORE KURIHARA, ADMINISTRATRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Kurihara v. Commissioner
Docket No. 10402-81.
United States Tax Court
T.C. Memo 1985-150; 1985 Tax Ct. Memo LEXIS 487; 49 T.C.M. (CCH) 1085; T.C.M. (RIA) 85150; March 27, 1985. Ronald Dreier, for the petitioner. Patrick E. Whelan, for the respondent. TANNENWALD
SUPPLEMENTAL MEMORANDUM OPINION TANNENWALD, Judge: At this point, the dispute between the parties involves which items and what amounts thereof should properly be taken into account in arriving at the proper computation for entry of decision in accordance *488 with our opinion, dated January 5, 1984 (), pursuant to Rule 155. [1] The items involve: (1) counsel fees actually incurred for legal services rendered thus far in this proceeding; (2) counsel fees incurred for legal services to be rendered in connection with the appeal from our decision which petitioner has indicated it plans to take; (3) fees and commissions paid to the trustees of the insurance trust; (4) fees paid to counsel for the guardian of the decedents' children; and (5) an additional amount for the marital deduction. Petitioner claims that all of these iems, totaling $203,803.90, [2] are properly deductible for estate tax purposes. Respondent contends that none of these items should be taken into account in connection with the Rule 155 computation. For reasons which are hereinafter set forth, we agree for the most part with respondent's position. As a supplement to its contentions that the items in question may properly be disposed of under Rule 155, petitioner has filed a motion to reopen for further trial pursuant to Rule 156, a motion to amend or supplement petition pursuant to Rule 41, and a motion for oral argument pursuant to Rule 155(b) (in *489 which the petitioner also asks for the opportunity at such arguments "to substantiate the amounts it claims should be deducted.") At the outset, it is important to note that the only issue before this Court, prior to the submissions of computations under Rule 155, was the includability under section 2035 of approximately $1,000,000, representing the proceeds of insurance on the decedent's life. The case was submitted fully stipulated under Rule 122. The stipulation of facts contained no indication that any other issues were or might be involved. It is clear that a Rule 155 proceeding may not be used to raise a new issue. . *490 We think that items (3), (4), and (5) fall within the ambit of this prohibition. As to items (3) and (4), petitioner complains that respondent has not examined the documentary proof which petitioner submitted to substantiate payment of those items. From this, petitioner assumes that the factual foundation of such amounts is not open to question, and therefore concludes that, as a matter of law, they are properly deductible. The record herein contains no allegations or other information with respect to the circumstances under these fees were incurred and paid. [3] Petitioner asks us to go too far. Even if petitioner were correct as to respondent's obligation to examine proof of payment, [4] there would still remain factual and legal questions regarding the purpose for which the expenses were incurred and their amount sufficient to require rejection of petitioner's conclusion. Secs. 20.2053-8(b), 20.2053-8(c), and 20.2053-3, Estate Tax Regs.; cf. . Thus, petitioner's attempt to distinguish , on the ground that the record need not be reopened in the instant *491 case in order to determine the deductions in issue is unavailing.
We are not impressed with petitioner's argument that because we decided that the trustees of the insurance trust were agents of the decedent in obtaining the insurance, it therefore follows that the proceeds of the insurance which became the principal of the *492 trust were the property of the decedent. We remind petitioner that the substantive issue before us was whether the insurance policy in question had been transferred by the decedent to the trustees within three years before death within the meaning of section 2035. We held that, because the trustees were the agent of the decedent in taking out the insurance, the policy was so transferred. Given the limited frame of reference for our opinion, our holding therein is a far cry from an assertion that the decedent was the owner of the trust at the time of his death. See . As to item (5), it is clear that this is not properly an issue to be disposed of under Rule 155. The decrease in the amount of the marital deduction because of the charge against it for the amount of income taxes owed by decedent, which petitioner claims was improper, was clearly set forth in the deficiency notice. While it might be argued that this item was put in issue by the petition (see paragraph 5(e) thereof), it was not dealt with either in the stipulation of facts or the briefs of the parties. The long and short of the matter *493 is that, with respect to items (3), (4), and (5), petitioner is merely seeking to raise issues that became significant only after the substantive issue as to the inclusion of the insurance proceeds was decided against it. In this context, petitioner is in no different a position from that of the taxpayers in , and in the cases discussed therein. If petitioner wanted the Court to consider these items, it should have pleaded the issues which they raise and dealt with them by way of the stipulation of facts, and/or an evidentiary trial, and on brief. It is too late in the game for petitioner to do so now. Petitioner's appeal to "the interest of justice" is beside the point.If we were to accede to the blandishments of that appeal, we would be establishing a pattern of subversion of the limitations of Rule 155 and its policy of avoiding bifurcated trials. See . The fees for the services of attorneys in connection with the prosecution of this case at the trial level and on appeal (items (1) and (2)) present a different situation. The allowance of such fees is clearly contemplated *494 by Rule 156, and the fact that a claim therefor has not been pleaded is no longer relevant. See Note to Rule 156, 60 T.C. 1143. As to the estimated fees with respect to the contemplated appeal of our decision herein, we think it would be better to await the disposition of such appeal. [5] However the substantive issue is decided, the Court of Appeals, in disposing of the appeal, can remand the case to us for a determination of the amount of such fees to be included in the final decision. See, e.g., . The amount of interest on the deficiency and the impact of the deduction of such interest can similarly be handled upon such remand. Cf. ; ; sec. 20.2053-2(b)(3), Estate Tax Regs. Alternatively, if the parties so desire, deduction can be allowed for accrued interest up to the date of decision herein, with a further allowance of interest after remand, subject to the same conditions hereinafter set forth in respect of legal fees. . *495 As to the fees already earned, they can be calculated up to the point of decision herein, including an amount traceable to the services prior to the actual filing of the notice of appeal in the same manner as the interest on the deficiency. See Assuming that the requirement of section 20.2053-3(c), Estate Tax Regs., regarding payment or reasonable expectation of payment, is satisfied, the amount of such fees can be included in the computation of the decision to be entered by this Court. One further problem remains. Respondent has alleged on brief that many of the items claimed as deductions for estate tax purposes herein, including fees for legal services as to which payment had been made, were claimed as deductions on petitioner's income tax returns for the fiscal years ended November 30, 1980, 1981, 1982, and 1983. Respondent further alleges that petitioner did not and has not yet filed the waivers of the right to claim such items as estate tax deductions in accordance with the requirements of section 642(g), *496 and that the assessment of any deficiency in income tax for the earliest year (fiscal 1980) is now barred by the statute of limitations. [6] Petitioner concedes the correctness of those allegations, but asserts that those items are nevertheless deductible for estate tax purposes even with respect to fiscal years for which the assessment of an income tax deficiency is barred. Petitioner apparently does not wish to file waivers of the right to deduct such items for estate tax purposes, [7] but suggests that the double deduction which it might otherwise obtain be taken care of by an offset to the estate tax deficiency herein in the amount of the deficiencies in income tax, plus interest, which respondent would obtain by disallowing the income tax deductions. The double deduction issue is obviously mooted to the extent that we have herein rejected petitioner's claims. But it remains with respect to the deduction of fees for legal services as to which we have sustained petitioner's claim. The *497 issue is filled with sub-issues as to the interplay of the statute of limitations and the concept of a double deduction, remitting respondent to his right to assert income tax deficiencies at least as to the years that are not yet barred by the statute of limitations, [8] and this Court's power to grant relief by way of equitable recoupment. [9] In view of petitioner's agreement to an appropriate offset, we need not reach these issues. We need only decide that the Rule 155 computation should take that offset into account. [10]
Based upon the foregoing and subject *498 to the conditions relating to the allowance of legal fees incurred in connection with proceedings before this Court, petitioner's motions to open for further trial, to amend or supplement the petition, and for oral argument will be denied. In addition, the parties will be directed to submit a revised agreed computation and proposed decision under Rule 155. [11]
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Rules of Practice and Procedure of this Court. ↩
2. The following represents the breakdown of the total amount: ↩
(1) Actual counsel fees
$58,746.92
(2) Estimated counsel fees
40,000.00
(3) Trustees fees
51,562.62
(4) Guardians' counsel fees
23,000.00
(5) Additional marital deduction
30,494.36
3. In its memorandum of law, petitioner refers to proceedings before the Supreme Court of New Jersey and materials submitted in connection therein to support its argument as to item (4). Obviously, such evidence is not properly part of the record. Rule 143(b); , affd. per curiam . In any event, court approval of attorneys' fees does not transform nondeductible fees into fees deductible as a matter of law. ; secs. 20.2053-1(b)(2), 20.2053-3(c)(3), Estate Tax Regs. ↩
4. In view of our disposition of these items on other grounds, we need not delve into the existence of any such obligation on respondent's part or the consequences of his failure to discharge such obligation, if it existed.↩
5. If no appeal is taken and our decision becomes final, presumedly no such fees will be incurred.↩
6. As of the date of this opinion, fiscal 1981 appears to be similarly barred. ↩
7. Petitioner may feel differently if it is successful in prosecuting its appeal from our decision herein.↩
8. We note that at the time the deficiency notice was issued herein, and indeed at the time this case was submitted to the Court, the statute of limitations had not yet run on assessment of income tax deficiencies even for the earlier years. ↩
9. See ; cf. . ↩
10. If petitioner takes an income tax deduction for any amounts paid in fiscal years subsequent to the 1983 year, a further adjustment may be necessary in the decision to be entered herein or after remand from the Court of Appeals.↩
11. If the parties are unable to agree on a revised computation and decision, they should submit their separate proposals and, if necessary, a further hearing limited to the legal fees incurred in connection with proceedings before this Court will be held pursuant to Rule 156.↩